**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK JENSEN, an individual, | No. 24-7092 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:23-cv-00266-DGC |
| CAMCO MANUFACTURING, LLC, a foreign corporation, CWI LLC, a foreign corporation, GOOD SAM ENTERPRISES, LLC. | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 5, 2026[**]
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and M. SMITH, JR., Circuit Judges.

Erick Jensen (Plaintiff) appeals the district court's order excluding expert

testimony and granting summary judgment in favor of Camco Manufacturing, LLC

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

(Camco) and CWI, LLC (Camping World) (collectively, Defendants). We have jurisdiction under 28 U.S.C. § 1291 and we affirm. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (reviewing summary judgment ruling de novo and "evidentiary rulings for abuse of discretion").

Plaintiff purchased a Camco Little Red Campfire (Campfire) sold by Camping World. While Plaintiff was using the Campfire, flames "exploded" from the device, causing severe burns to Plaintiff's leg. Plaintiff subsequently filed an action alleging product liability, negligence, and breach of implied warranty. He retained an engineering expert, Dr. Bosch, to establish causation.

Under Rule 702 of the Federal Rules of Evidence, a court may admit expert testimony when the testimony is helpful, "based upon sufficient facts or data," produced by "reliable principles and methods," and reliably applied "to the facts of the case." *Cooper v. Brown*, 510 F.3d 870, 880, n.6 (9th Cir. 2007). "In evaluating expert testimony, the trial court is a gatekeeper, not a factfinder." *Pyramid Technologies, Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014) (citation and internal quotation marks omitted). "If the proposed testimony meets the thresholds of relevance and reliability, its proponent is entitled to have the jury decide upon its credibility, rather than the judge. . . ." *Elosu v. Middlefork Ranch Incorporated*, 26 F.4th 1017, 1024 (9th Cir. 2022) (citation, alteration, and internal quotation marks omitted).

Dr. Bosch utilized a methodology known as "differential diagnosis," by which an expert "rules in all potential causes of an [accident], rules out those for which there is no plausible evidence of causation, and then determines the most likely cause among those that cannot be excluded." *Hardeman v. Monsanto Company*, 997 F.3d 941, 953 (9th Cir. 2021) (citation and internal quotation marks omitted).

In performing tests on the Campfire, Dr. Bosch identified three potential defects: (1) lack of a screen to prevent objects from entering the combustion chamber, (2) heightened gas pressure from the regulator[1], and (3) missing sealant on pipe threads that could contribute to leakage. However, during Dr. Bosch's investigation, he discovered no blockage or debris in the combustion chamber, and only one leak that, by his own admission, "wouldn't [have been] sufficient to cause the incident described by [Plaintiff]." *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1058 (9th Cir. 2003) (explaining that "a fundamental assumption underlying differential diagnosis is that the final, suspected cause must actually be capable of causing the injury") (citation, alterations, and internal quotation marks omitted).

When Dr. Bosch failed to discover a root cause of Plaintiff's injuries, he resorted to speculation, commenting that "obviously," "[y]ou've got the transient blockage somewhere," despite being unable to identify any blockage. *See Ollier v.*

---

[1] Dr. Bosch averred that this defect was "not related to his causation opinion."

3

*Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (noting that "speculative testimony is inherently unreliable"). Indeed, Dr. Bosch conceded that, based on his testing, a "transient blockage" combined with a leak "would be insufficient" to create the incident that injured Plaintiff.

Based on this record, we agree with the district court that Dr. Bosch did not ground his testimony in "reliable principles and methods." Fed. R. Evid. 702(c). Thus, the district court did not abuse its discretion in excluding the expert testimony. *See Grodzitsky v. American Honda Motor Co., Inc.*, 957 F.3d 979, 987 (9th Cir. 2020) (reasoning that a district court did not abuse its discretion when it excluded expert testimony that was unreliable and the product of flawed methodology). Without any expert testimony establishing causation, Plaintiff failed to raise a material issue of fact that the Campfire caused his injury. *See Engilis v. Monsanto Co.*, 151 F.4th 1040, 1055 (9th Cir. 2025) (affirming summary judgment when an expert's "excluded opinion was the sole evidence upon which [Plaintiff] relied to establish causation"). Accordingly, the district court did not err in granting summary judgment in favor of Defendants. *See id*.

**AFFIRMED.**

4